UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS PIERCE, | Civil Action No. 15-7970 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| GARY LANIGAN, et al., | |
| Defendants. | |

1.      Plaintiff, currently confined at New Jersey State Prison and proceeding *pro se*, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials and prison medical staff have failed to implement a prescribed course of treatment for his serious medical condition.[1]  The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.)  Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).

2.      In construing the facts alleged in the Complaint, the Court makes all reasonable inferences in Plaintiff's favor.  Plaintiff has Hepatitis C, and alleges that an infectious disease specialist prescribed a course of treatment for his condition in January 2014 and ordered that the treatment should begin within two to four months.  (ECF No. 1, Compl. at ¶ 12.)  After seven months elapsed, Plaintiff filed several grievances regarding the failure to provide the prescribed

---

[1]  The Court does not construe Plaintiff's Complaint to raise claims for medical malpractice under state law.  To the extent Plaintiff wishes to raise such claims, he must file an Amended Complaint.

treatment.[2]  (*Id.* at ¶¶ 13-16.)  In responding to these grievances, Defendant Mary Lang, an

Administrator employed by University Correctional Healthcare at Rutgers ("UCHC"), informed

Plaintiff that he was on a state-wide waiting list for treatment and would be notified when his

treatment would begin.   (*Id.*, Compl. at ¶¶ 13-14; Exs. B-D. ) Plaintiff further alleges that Dr.

Abu Ashan, a medical doctor at NJSP, "is fully consulted and aware of [P]laintiff's  [Hepatitis C]

treatment being delayed for almost over [sic] three years inspite [sic] of the infectious disease

specialist doctor making two recommendations at different times and did absolutely nothing to

act or intervene on Plaintiff's behalf."  (*Id.* at ¶¶ 8; 25.)  He also alleges that New Jersey

Department of Corrections ("NJDOC") Medical Director Ralph Woodward, who is also

employed by UCHC, had "the final supervisory authority to approve Plaintiff's [Hepatitis C]

treatment in accord with the infectious disease specialist doctor['s] recommendation but failed to

exercise that authority on Plaintiff's behalf."  (*Id.* at ¶ 26.)

      3.      Plaintiff has also sued several administrators at NJSP and NJDOC, alleging that

he apprised these individuals that he was not receiving the prescribed treatment, but they failed

to assist him.  In support of this contention, Plaintiff has attached to the Complaint a

memorandum, dated May 4, 2015, from Defendant Administrator D'Ilio stating that "The

Medical Department is aware of the conditions you mention in correspondence to this office"

and advising Plaintiff that he would be "monitored on a regular basis."  (*Id.* at ¶ 17; *see also* Ex.

G.)  Plaintiff further alleges that he wrote subsequent letters to Administrator Defendants Gary

Lanigan, Stephen D'Ilio, and Stephen Johnson, regarding the denial/delay of treatment and

requesting their intervention.  (*Id.* at ¶¶ 18, 22, 24.)  Defendants Lanigan, D'ilio, and Johnson did

---

[2]  Plaintiff also wrote to the Medical Ombudsman Office to seek assistance in getting the
prescribed treatment.  (*Id.* at ¶ 16; *see also* Exs. E-F.)

not respond to these subsequent letters.  (*Id.* at ¶¶ 18, 24.)  Plaintiff also corresponded with

Margaret Reed, the UCHC Acting Statewide Medical Patient Advocate, regarding his requests

for treatment.  (*Id.* at ¶¶ 18-23; *see also* Exs. H-L.)  He has attached to his Complaint a letter

from Ms. Reed, dated June 29, 2015, which states that "a review of your medical record revealed

that the UCHC Infectious Disease Specialist recently reviewed your chart, and made

recommendations for treatment."  (*Id.* at Ex. L.)

4.      Plaintiff alleges that the denial/delay in treatment has caused his condition to

deteriorate.  He has sued all Defendants in their individual and official capacities and seeks

injunctive relief that would provide him with the prescribed treatment, as well as damages.  (ECF

No. 1, Compl. at pages 15-16.)

5.      This Court has screened the Complaint in this action for dismissal, making all

reasonable inferences in Plaintiff's favor, and has determined that dismissal of the entire

Complaint is not warranted at this time.  The Court, however, will dismiss with prejudice the

official capacity damages claims against Defendants Lanigan, D'Ilio, and Johnson because it is

well established that their employers, NJSP and NJDOC, are not a person under § 1983.  *See Will*

*v. Michigan Department of State Police*, 491 U.S. 58, 64, 70–71 (1989) (holding that state is not

a "person" within the meaning of Section 1983).

6.      The Court also dismisses without prejudice the individual capacity claims for

damages against Administrator Defendants Lanigan and Johnson because Plaintiff has not

sufficiently alleged that these Defendants were deliberately indifferent to his serious medical

needs.  Deliberate indifference can be shown by knowledge of the need for medical care

accompanied by an intentional refusal to provide that care, delayed provision of the care for non-

medical reasons or preventing the inmate from receiving recommended treatment.[3]  *Durmer v. O'Carroll*, 991 F.2d 64, 68-69 (3d Cir. 1993). This subjective component requires a mental state of actual knowledge or recklessness.  *Id.*  In *Durmer*, the Third Circuit affirmed the dismissal of claims of deliberate indifference against two prison administrators (a warden and the Commissioner for Corrections) who had received letters from the inmate concerning inadequate medical care provided by his treating physician but failed to respond, explaining that "the only allegation against either of these two defendants was that they failed to respond to letters Durmer sent to them explaining his predicament." *Id.* at 69; *see also Branch v. Stoke*, CIV.A. 06-1839 (PGS), 2009 WL 483893, at *6 (D.N.J. Feb. 24, 2009) (explaining same).  As in *Durmer*, the only allegation against Defendants Lanigan and Johnson is that they failed to respond to his letters regarding the denial/delay in treatment.  As such, the individual capacity claims for damages against Defendants Lanigan and Johnson are dismissed and Plaintiff is free to file an Amended Complaint within thirty days that cures this deficiency.

      7.      The claims alleged in the Complaint shall otherwise proceed at this time.[4]

     **IT IS** therefore on this 4th day of April, 2016,

---

[3] Under Third Circuit precedent, "'[i]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Johnson v. Coleman*, 506 F. App'x. 125, 128 (3d Cir. 2012) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "Thus, 'absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.'" *Id.*  The Court does not make any determinations at this time regarding the applicability of *Spruill* to the non-medical prison officials.

[4]  In this regard, the Court notes that it will permit the official capacity claims for injunctive relief to proceed against all Defendants at this time because it is not clear from the Complaint which Defendant (or Defendants) has the authority to provide the requested relief.

**ORDERED** that the official capacity claims for damages against Gary Lanigan, Stephen

D'Ilio, and Stephen Johnson are dismissed WITH PREJUDICE because NJSP and NJDOC as

these individual defendants employers are not persons under § 1983; and it is further

**ORDERED** that the individual capacity claims for damages against Gary Lanigan and

Stephen Johnson are dismissed WITHOUT PREJUDICE for failure to state a claim pursuant to

28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the § 1983 claims alleged in the Complaint shall otherwise PROCEED

at this time; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the

procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms");

and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the

Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285

Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint

and this Order to the address specified on each USM-285 Form, with all costs of service

advanced by the United States[5]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time

specified by Federal Rule of Civil Procedure 12; and it is further

---

[5] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced
and request that the defendant(s) waive personal service of a summons in accordance with Fed.
R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[6]; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

 /s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[6] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.